UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br>     Plaintiff, | Case No.: 3:25−cr−00273−AN |
| v. | **CRIMINAL TRIAL MANAGEMENT ORDER** |
| **JOSHUA AMES CARTRETTE** <br>     Defendant. | |

### I. General Directions

The parties shall electronically file the documents described below using the District Court's CM/ECF system, except where otherwise indicated in this Order. Trial exhibits and witness disability statements should not be electronically filed. Other than copies of the actual trial exhibits, each filed document should be separately and clearly captioned. Different documents may not be combined together. The parties shall also deliver a Judge's paper copy of each filed document to the Clerk's Office within three days after electronic filing. The Judge's paper copies should be doubled sided and three−hole punched. When documents are also required by this Order to be sent to the Court by email attachment, they should be submitted in Word format and transmitted by email to:

> CRD Telephone: 503−326−8355
> E−mail: Nelson_CRD@ord.uscourts.gov

Any questions may also be directed to the Courtroom Deputy. **No late filings of, or supplemental filings to, any of the trial documents listed below will be accepted without good cause shown.**

### II. Motion to Continue Trial Date

A rescheduling request to postpone the trial should be made in writing at least four weeks before the trial date. Within the motion to continue, the moving party shall state whether the Defendant agrees with or opposes the request and whether opposing counsel agrees with or opposes the request.

### III. Trial Documents Due from Each Party 14 Days Before Trial (or 14 Days Before Pretrial Conference, If A Pretrial Conference Has Been Scheduled)

    A. Trial memoranda (all parties).

    B. All motions *in limine* (all parties).

    C. Proposed jury instructions (all parties).

The Court will finalize jury instructions following the PTC so that jurors may be given a copy on the first day of trial. Prior to the PTC, the parties should thoroughly examine their proposed instructions for substantive, grammatical, and typographical errors. The Court will not accept edits to the jury instructions following the PTC without good cause. NO LATE OR SUPPLEMENTAL FILINGS OF THE ABOVE PRETRIAL DOCUMENTS

WILL BE RECEIVED WITHOUT JUST CAUSE SHOWN.

In addition to the CM/ECF–filed proposed jury instructions and the Judge's paper copy, all parties shall email a copy of their proposed jury instructions as an attachment in Word format to the Judge's Courtroom Deputy Clerk at the email address above immediately following the electronic filing (see LR 51–1(d)(2));

D. Proposed *voir dire* questions (all parties).

E. Trial exhibit list (all parties).

In addition to the CM/ECF–filed trial exhibit list and the Judge's paper copy, all parties shall email a copy of their trial exhibit list as an attachment in Word format to the Courtroom Deputy at the email address above.

F. Trial exhibit notebooks (all parties).

For all trial exhibits for which paper copies can be made, all parties shall deliver to the Clerk's Office, but shall not electronically file, a Judge's paper copy of such trial exhibits, three–hole punched and placed into labeled three–ring binders with numerical side index tabs for each exhibit. All staples and clips must be removed. At the time that the Judge's copy of trial exhibits is delivered, counsel must also provide a similarly prepared copy to opposing counsel. Original exhibits shall be submitted at the time of trial.

G. Expert witness list and narrative summaries of any expert testimony (all parties).

H. Proposed verdict form (all parties).

I. Witness list, including summaries of any expert testimony.

The defendant may choose to file publicly, a witness list with a brief description or each witness testimony, but the defendant(s) must file a witness list and witness statements *ex parte* and under seal with the court.

**IV.   Additional Trial Documents Due from Each Party 7 Days Before Trial (or 7 Days Before Pretrial Conference, If A Pretrial Conference Has Been Scheduled)**

A. Any responses or objections to any trial document listed above (all parties).

B. Statement of witnesses or others with disabilities (all parties).

The parties shall not electronically file but shall deliver to each other and to the Clerk's Office a designation of all witnesses, parties, counsel, or others who will be present at trial and who may need accommodation for any disability. Please be specific in your description of the accommodation that may be needed.

**V.   JERS (Jury Evidence Recording System)**

The Court uses the JERS system. See attached **SUPPLEMENTAL JURY TRIAL MANAGEMENT ORDER REGARDING THE JERS SYSTEM.**

**IT IS SO ORDERED.**

**DATED** this 15th day of September, 2025      /s/Adrienne Nelson

Honorable Adrienne Nelson
United States District Judge.

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>　　Plaintiff,<br><br>v.<br><br>**JOSHUA AMES CARTRETTE**<br>　　Defendant. | Case No.: 3:25−cr−00273−AN<br><br>**SUPPLEMENTAL JURY TRIAL MANAGEMENT ORDER REGARDING THE JERS SYSTEM** |

　　To facilitate the use of the Jury Evidence Recording System (JERS) during trial in this action:

　　Exhibits in electronic format should be provided to the Courtroom Deputy on a flash drive on the day of the pretrial conference, or if there is no pretrial conference within two days of the Court's ruling on which exhibits are admitted for use at trial. The Court advises the parties that, while many exhibits may be pre−admitted, *only* those exhibits actually used in trial during witness examination **and** published to the jury will be sent to the jury during their deliberations. Accordingly, the Court encourages the parties to only submit electronic trial exhibits that they plan to use during trial. The requirements for electronic trial exhibits are posted in the Submission Requirements for Electronic Trial Exhibits document located on the Court's website at <u>ord.uscourts.gov/electronic−exhibits</u>.

　　Parties need not change the naming of their files to use JERS; however, the name of the file in the text list must be the same as the name of the file on the flash drive submitted to the Court. Because the jury will see the file name of the exhibit, the parties are cautioned to use neutral names for their exhibits, *e.g.* do not use the name "the smoking gun." If the Court deems the file names too prejudicial, the jury will see only the number of the exhibit, not the file name. If an exhibit exceeds JERS file−size capacity, the parties can proceed one of two ways. Split the exhibit into parts by re−encoding the large file into several files. The split files then become exhibit 1a, 1b, 1c, and so on. Or the parties may request, if splitting the file is impossible, that the file be made available for viewing as a single exhibit outside of JERS but on the JERS cart using the windows media player. It is possible to make other oversized files such as spreadsheets available outside of JERS, but if the oversized file results from difficulty converting the file into a PDF, the parties must resolve this issue. Exhibits outside of JERS are reserved for true oversized files.

**DATED** this 15th day of September, 2025　　/s/Adrienne Nelson

　　　　　　　　　　　　　　　　　　　　　　　Honorable Adrienne Nelson
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge.